# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **SANDRA LYNN HOOTMAN,** | Case No. 19-30639-dof |
| | Chapter 13 |
| Debtor(s). | Hon. Daniel Opperman |

## TIMOTHY J. MILLER'S OBJECTION
## TO DEBTOR'S CLAIMS OF EXEMPTION

Timothy J. Miller, Chapter 7 Trustee (the "Chapter 7 Trustee") of the bankruptcy estate of Bradley K. Hootman (Case No. 18-51843-tjt, E.D. Mich.), by and through his attorneys, Clayson, Schneider & Miller, P.C., and for his Objection to Debtor's Claims of Exemption, states as follows:

### JURISDICTION

1. The Bankruptcy Court has jurisdiction over allowance or disallowance of claims against the estate or exemptions from property of the estate pursuant to 28 U.S.C. § 157(b)(2)(B) and Fed. R. Bankr. P. 4003.

2. This matter constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2).

### FACTS

3. Sandra Lynn Hootman ("Debtor") filed her Chapter 13 bankruptcy petition on March 18, 2019 (the "Petition Date").

4. Prior to the Petition Date, Debtor's ex-spouse Bradley K. Hootman ("Bradley") filed a Chapter 7 bankruptcy case, referenced above, on August 27, 2018 ("Bradley's Case").

5. The Chapter 7 Trustee is the duly appointed chapter 7 trustee of Bradley's Case.

6. During the Chapter 7 Trustee's investigation into Bradley's financial affairs, Trustee consulted with realtor Alan Stalter of Elite REO Services to obtain an independent valuation of Bradley's former and Debtor's current residence, 8202 Hyne Rd., Brighton, MI 48114 (the "Property").

7. Alan Stalter advised the Chapter 7 Trustee that the Property is worth approximately $220,000.00. (*See* Doc # 30).

8. The Chapter 7 Trustee determined that Bradley fraudulently transferred his interest in the Property to Debtor on or about July 12, 2018 under 11 U.S.C. § 548 and M.C.L. 566.34 (the "Trustee's Claim").

9. The Trustee's Claim stems from a Consent Judgment of Divorce entered in Debtor and Bradley's divorce case on July 12, 2018.

10. The Consent Judgment of Divorce awarded Debtor 50% of the marital portion of Bradley's City of Ann Arbor Pension, and $13,500 of Bradley's "ICMA 457 Plan" through his employment with the City of Ann Arbor (collectively, the "Retirement Interests").

11. On or about March 29, 2019 the Chapter 7 Trustee was notified of Debtor's bankruptcy case.

12. On April 1, 2019, the Chapter 7 Trustee filed a proof of claim based on the Trustee's Claim.

13. Debtor filed her proposed Chapter 13 Plan (Docket No. 16, the "Plan").

14. The Plan's attached Liquidation Analysis (*Id.*, p. 7) lists the Fair Market Value of the Property as $180,000.00, and after subtracting liens and exemptions, lists the non-exempt equity as $3,203.00.

15. The Plan proposes to pay $14.48 to Class 9 General Unsecured Creditors.

16. Debtor's Schedule C (Docket No. 20) claims certain property as exempt from the estate, including:

a. "8202 Hyne Road Brighton, MI 48114 Livingston County" valued at $180,000.00 under M.C.L. 600.5451(1)(m);

b. "Pension [...]" valued at "Unknown" in the amount of "100%" under M.C.L. 38.1683;

c. "Pension [...]" valued at "Unknown" in the amount of "100%" under 29 U.S.C. § 1056(d);

d. "Pension [...]" valued at "Unknown" in the amount of "100%" under 11 U.S.C. § 522(b)(3)(C);

e. "Federal and State Tax refunds for 2018" valued and claimed at $6,700.00 under M.C.L. 600.5311; and

f. "Checking and savings: Lake Trust Credit Union" valued and claimed at $190.00 under M.C.L. 600.5311.

17. On April 11, 2019, the Chapter 7 Trustee requested Debtor consent to the relief requested in this motion in accordance with L.B.R. 9014-1(h), but to date Debtor failed to consent.

## **ARGUMENT**

18. Debtor's exemption in the Property is objectionable to the extent it impairs the

Chapter 7 Trustee's interest in the same. The Chapter 7 Trustee disputes Debtor's valuation in the Property (as more fully set forth in the Chapter 7 Trustee's objection to Debtor's proposed Chapter 13 plan), but even if the Property sold for $180,000 (Debtor's valuation), after payment of the mortgage balance (~$137,000) and estimated 10% sale costs (~$18,000), net proceeds would total approximately $25,000. In such a hypothetical sale, the Chapter 7 Trustee would be entitled to half of net proceeds, or $12,500.

19. Debtor fails to specify a specific dollar amount for which she proposes to exempt her interest in her ex-husband's pension, but rather claims her interest as "100%" exempt.

20. Trustee requested from Debtor but did not receive verification of the transfer of the Retirement Interests, as well as verification of whether or not said funds shall continue their status as tax exempt retirement funds.

21. Debtor's claims of exemption listed above in Paragraph 14(b), (c), and (d) are objectionable as they do not specify a specific dollar amount for which Debtor purports to exempt the same.

22. Debtor's claims of exemption listed above in Paragraph 14(b), (c), and (d) are objectionable to the extent they claim as exempt the Retirement Interests, as

Debtor has not provided verification of their status.

23. M.C.L. 600.5311 is a Michigan state statute pertaining to exemptions when a petition and assignment of wages is filed and a receiver is appointed for the same, and the statute does not apply to this case nor any United States Bankruptcy Court case.

24. Therefore, Debtor's claims of exemption in "Federal and State Tax refunds for 2018" and "Checking and savings: Lake Trust Credit Union" under M.C.L. 600.5311 are objectionable.

25. This objection is authorized and timely under Fed. R. Bankr. P. 4003.

　　**WHEREFORE**, the Trustee prays that the Debtor's claims of exemption are denied pursuant to the proposed order submitted herewith.

　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　**CLAYSON**, **SCHNEIDER & MILLER P.C.**

Dated: May 3, 2019　　　　　*/s/ David P. Miller, attorney*
　　　　　　　　　　　　　　　David P. Miller (P79911)
　　　　　　　　　　　　　　　645 Griswold, Suite 3900
　　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　　(313) 237-0850
　　　　　　　　　　　　　　　david@detlegal.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:                      In Bankruptcy:

**SANDRA LYNN HOOTMAN,**        Case No. 19-30639-dof
                                                 Chapter 13
          Debtor(s).                     Hon. Daniel Opperman

___

## BRIEF IN SUPPORT OF TIMOTHY J. MILLER'S
## OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION

For the reasons set forth in the Timothy J. Miller's Objection to Debtor's Claims of Exemption, filed herewith, the Trustee prays that this Court deny the objectionable claims of exemption and enter the proposed order attached hereto.

                                           Respectfully submitted,

                                           **CLAYSON**, **SCHNEIDER & MILLER P.C.**

Dated: May 3, 2019          */s/ David P. Miller, attorney*
                                       David P. Miller (P79911)
                                       645 Griswold, Suite 3900
                                       Detroit, MI 48226
                                       (313) 237-0850
                                       david@detlegal.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **SANDRA LYNN HOOTMAN,** | Case No. 19-30639-dof |
| | Chapter 13 |
| Debtor(s). | Hon. Daniel Opperman |

[*proposed*]
## ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMS OF EXEMPTION

Timothy J. Miller, having filed an Objection to Debtor's Claims of Exemption, having filed and served the same upon all parties in interest as required by court rule, there being no response, and the Court being otherwise duly informed:

**IT IS HEREBY ORDERED** that Timothy J. Miller's objection to Debtor's claims of exemption is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Debtor's claims of exemption in the following property are **DENIED**:

a. "8202 Hyne Road Brighton, MI 48114 Livingston County" valued at $180,000.00 under M.C.L. 600.5451(1)(m);

b. "Pension [...]" valued at "Unknown" in the amount of "100%" under M.C.L. 38.1683;

c. "Pension [...]" valued at "Unknown" in the amount of "100%" under 29 U.S.C. § 1056(d);

d. "Pension [...]" valued at "Unknown" in the amount of "100%" under 11 U.S.C. § 522(b)(3)(C);

e. "Federal and State Tax refunds for 2018" valued and claimed at $6,700.00 under M.C.L. 600.5311; and

f. "Checking and savings: Lake Trust Credit Union" valued and claimed at $190.00 under M.C.L. 600.5311.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:                  In Bankruptcy:

**SANDRA LYNN HOOTMAN,**        Case No. 19-30639-dof
                                             Chapter 13
            Debtor(s).                        Hon. Daniel Opperman

___

## NOTICE OF OBJECTION TO
## <u>DEBTOR'S CLAIMS OF EXEMPTION</u>

       Clayson, Schneider & Miller P.C., on behalf of Timothy J. Miller, has filed papers with the court entitled Objection to Debtor's Claims of Exemption.

       **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

       If you do not want the court to grant the relief sought in the motion or objection, or if you want the court to consider your views on the motion or objection, within **fourteen (14)** days of the date of this notice, you or your attorney must:

1.     File with the court a written response or an answer, explaining your position at:[1]
                         **United States Bankruptcy Court**
                         **211 West Fort Street, Suite 2100**
                           **Detroit, Michigan 48226**

       If you mail your response to the court for the filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

       You must also send a copy to:

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

| David P. Miller | Office of the U.S. Trustee |
| --- | --- |
| 645 Griswold, Suite 3900 | 211 W. Fort Street, Suite 700 |
| Detroit, Michigan 48226 | Detroit, MI 48226 |

    If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

    **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER, P.C.**

Dated: May 3, 2019

*/s/ David P. Miller, attorney*
David P. Miller (P79911)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
david@detlegal.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:                                      In Bankruptcy:

**SANDRA LYNN HOOTMAN,**                Case No. 19-30639-dof
                                                      Chapter 13
           Debtor(s).                                 Hon. Daniel Opperman

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>May 3, 2019</u>, I (or an employee of Clayson, Schneider & Miller, P.C.), served the following paper(s):

| |
|---|
| Chapter 7 Trustee Timothy J. Miller's Objection to Debtor's Claims of Exemption, Brief in Support, Proposed Order, Notice and Certificate of Service |

on the <u>following parties</u> located at these addresses:

| United States Trustee<br>211 West Fort Street,<br>Suite 700<br>Detroit, MI 48226 | Dickron Bohikian<br>748 W Grand River Ave<br>Brighton, MI 48116-2392 | Sandra Lynn Hootman<br>8202 Hyne Road<br>Brighton, MI 48114-8923 |
|---|---|---|

by filing the paper(s) with the Clerk of the Court using the Electronic Case Files system which will send <u>electronic notification</u> of such filing to the above referenced party(ies) or their attorney(s), as well as any additional parties that requested electronic service of documents filed in this case.

[*signature appears on following page*]

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: May 3, 2019
*/s/ David P. Miller, attorney*
David P. Miller (P79911)
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850 ext. 113
david@detlegal.com